IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN SCOTT WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-827-WKW-GMB |
| | ) | |
| WIREGRASS MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. For good cause, the Magistrate Judge recommends that this case be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] for failure to state a claim upon which relief can be granted, and that Plaintiff's Motion for Leave to Amend Parties and Defendants (Doc. 6) be DENIED.

## I. BACKGROUND

The court accepts as true all relevant facts set forth by Plaintiff Carolyn Scott Wells in her complaint. In September 2014, Wells was admitted to a medical facility operated by Defendant Wiregrass Medical Center ("Wiregrass") in Geneva County, Alabama for medical testing. While there, Wells slipped and fell on the floor while a nurse assisted her

---

[1] This statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

in moving between rooms. Wells was subsequently discharged from Wiregrass without receiving medical testing or treatment related to her fall.[2] Approximately one year later, Wells sought treatment at Dothan Medical Center for "several medical issues" and discovered that she had two "cracked" discs and a broken bone in her back. A medical technician at Dothan Medical Center told Wells that these conditions were related to her previous fall at Wiregrass.

Wells asserts a claim under 42 U.S.C. § 1983 for a violation of her Eighth Amendment right to be free from cruel and unusual punishment[3] based on Wiregrass's failure to provide her with adequate medical treatment after her fall.[4] Wells seeks, among other things, $200,000,000 in damages for her claim.

## II. STANDARD OF REVIEW

The same standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Under this standard, although the court must accept well-pled facts as true, the

---

[2] Wells does not allege that she requested such treatment or that Wiregrass affirmatively declined to provide such treatment.

[3] While the introductory paragraph of Wells' complaint also mentions redress for violations of the Americans with Disabilities Act ("ADA"), her complaint contains no allegations to support any type of claim under the ADA, and the court therefore does not construe her complaint to allege a claim under the ADA.

[4] In Wells' complaint, she names as defendants "Wiregrass Medical Employees, *et al.*," but she does not provide the names of these defendants or otherwise identify them. *See* Doc. 1. Naming unidentified fictitious parties as defendants in a lawsuit is inconsistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); *New v. Sports & Rec., Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (holding that fictitious party practice is not permitted in federal court and that plaintiff's failure to name the parties requires the court to strike them). Therefore, the court recognizes Wiregrass Medical Center as the only defendant to this action.

court is not required to accept a plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556

U.S. 662, 664 (2009).  In evaluating the sufficiency of a complaint, the court must indulge

reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's

inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir.

2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true

for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.*

A complaint may be dismissed if the facts as pled do not state a claim for relief that

is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining that "only a complaint that

states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 561, 570 (2007) (retiring the prior "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim" standard).  In *Twombly*, the

Supreme Court emphasized that a complaint "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Factual allegations in a

complaint need not be detailed but "must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  "[U]nadorned, the-

defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se*

status must also be considered when evaluating the sufficiency of a complaint.  "A

document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet such leniency cannot serve as a substitute for establishing a cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (internal quotation marks omitted)).  "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## III.  DISCUSSION

Although Wells' complaint repeatedly references the Eighth Amendment, under even the most liberal construction she has alleged nothing more than a claim for medical malpractice, which is not an Eighth Amendment violation.  Wells alleges that Wiregrass "neglected" its medical duties and that its conduct "was a display of medical malpractice." Doc. 1.  But simple medical malpractice does not rise to the level of deliberate indifference under the Eighth Amendment.[5] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Cusick v. Doe*,

---

[5] The court recognizes that there are cases where the knowledge of the need for medical care and intentional refusal to provide that care have been held to surpass negligence and to constitute deliberate indifference. *See, e.g.*, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985).  This is not such a case, as Wells does not allege that Wiregrass knew that she needed medical care after her fall and that it intentionally refused to provide her with such care.

2014 WL 4376141, at *2 (N.D. Fla. Sept. 2, 2014) ("Medical malpractice does not constitute deliberate indifference."). Such claims are grounded solely in state law, and since there is no diversity between the parties,[6] the court lacks subject-matter jurisdiction to hear this claim.

Wells likewise cannot proceed with her Eighth Amendment claim because Wiregrass is not a "state actor" within the meaning of § 1983. Indeed, to state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). Wells therefore must demonstrate (1) that Wiregrass deprived her of a right secured under the Constitution or federal laws and (2) that such a deprivation occurred under color of state law. *See Cusick*, 2014 WL 4376141 at *2. Perfunctorily alleging that Wiregrass "acted under color of state law" is not enough, particularly when the complaint lacks any facts addressing any sort of relationship between the State of Alabama and Wiregrass.[7] Because Wells has failed to set forth facts alleging a viable § 1983 claim, her

---

[6] The complaint alleges that both parties in this case are citizens of the State of Alabama, so complete diversity is lacking. *See* Doc. 1.

[7] While not apparent from Wells' Complaint, pleadings filed in prior lawsuits in this district indicate that Wiregrass is owned and operated by the Geneva County Health Care Authority. *See, e.g.*, *Edcare of Ala., Inc. v. Geneva Cty. Health Care Auth., Inc. d/b/a Wiregrass Hosp. and d/b/a Wiregrass Med. Ctr.*, 1:08-cv-706-MHT-WC (M.D. Ala.), Doc. 1 at 1 (admitting in Answer that Geneva County Health Care Authority does business as Wiregrass Medical Center). The court takes judicial notice that the Geneva County Health Care Authority is registered with the Alabama Secretary of State as a domestic non-profit corporation. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Alabama Secretary of State Business Entity Records*, available at http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=747780

complaint should be dismissed for failure to state a claim upon which relief can be granted.

Finally, the court finds that Wells' motion for leave to amend parties and to add defendants (Doc. 6) should be denied.  Wells seeks to amend her complaint by (1) adding her three sons as plaintiffs to Fourth and Eighth Amendment claims stemming from the damages Wells allegedly suffered; (2) adding as defendants Jason Hughes, Director of Human Resources at Wiregrass, and "County Commissioner, *et al.*"; and (3) adding claims for "[d]enial of equal protection in medicare and medicade [sic]," Fourteenth Amendment violations, "assault on the Social Security Act, and/or [t]he Americans with Disabilities Act." Doc. 6 at 1–2.  While leave to amend should be "freely given when justice so requires," such leave may be denied when the amendment sought would be futile. *See* Fed. R. Civ. P. 15(a); *Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).  Because Wells provides no factual support for the requested amendments, and because permitting the amendments would not cure the defects of Wells' complaint, the court concludes that amendment would be futile and that the motion is due to be denied.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff Carolyn Scott Well's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that her Motion for Leave to Amend Parties and Defendants (Doc. 6) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to this recommendation **on or before August 29, 2016**.  Any objections filed must identify the

specific findings in the Magistrate Judge's recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 15th day of August, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE